Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000087
25-JUN-2018
07:55 AM

NO. CAAP-17-0000087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
NINO ABRIGO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-01924)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Nino Abrigo (Abrigo) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on December 30, 2016 in the District Court of the First Circuit, Honolulu Division (district court),[1] convicting him of Operating a Vehicle Under the Influence of an Intoxicant under Hawaii Revised Statutes (HRS) § 291E-61(a)(1).

On appeal, Abrigo contends that the district court erred in denying Abrigo's motion to strike Officer Ostachuk's testimony related to the standardized field sobriety test (SFST) and alleged traffic violations.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable James H. Ashford presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

Abrigo argues that the district court improperly dismissed Abrigo's motion to strike Officer Ostachuk's testimony regarding Abrigo's results on the SFSTs, because at the time of Officer Ostachuk's testimony at trial, Officer Ostachuk had no present recollection of administering the SFSTs to Abrigo. During the trial proceedings on December 15 and 30, 2016, Officer Ostachuk indicated several times that he did not presently recall Abrigo's performance on the SFSTs, but his testimony regarding Abrigo's performance on the SFSTs was based only on what Officer Ostachuk had written in his SFST form.[2]

> Hawai'i Rules of Evidence (HRE) Rule 612 indicates that "a witness may use a writing to refresh his memory for the purpose of testifying . . . ." A writing, such as a police report, used to refresh a witness's memory is ordinarily not submitted into evidence. 3 J. Wigmore, *Evidence in Trial at Common Law* § 763, at 142 (Chadbourn rev. ed. 1970). When used to refresh the witness's present recollection, a writing is solely employed to jog the memory of the testifying witness. 1 J. Strong, *McCormick on Evidence* § 9, at 29 (4th ed. 1992). Accordingly, when a writing is used to refresh a witness's recollection, the witness should testify from "a memory thus revived," resulting in testimony from present recollection, not a memory of the writing itself. *Id.* "A witness's recollection must be revived after he or she consults the particular writing or object offered as a stimulus so that . . . the resulting testimony relates to a present recollection." 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 61201, at 612-16 (1995). If the writing fails to rekindle the witness's memory, the witness cannot be permitted to testify as to the contents of the writing unless the writing is otherwise admitted into evidence. 28 C. Wright & V. Gold, *Federal Practice and Procedure: Evidence* § 6183, at 463 (1993).

Dibenedetto, 80 Hawai'i at 144, 906 P.2d at 630 (brackets omitted).

Here, it is clear that Officer Ostachuk's testimony regarding Abrigo's performance on the SFSTs was not from a present recollection. However, the State of Hawai'i (State)

---

[2] Although defense counsel incorrectly asked Officer Ostachuk several times if he had an "independent recollection" of the SFSTs rather than a "present recollection" of the SFSTs, Officer Ostachuk's testimony leads us to the conclusion that the he did not have a "present recollection" of Abrigo's perfomance on the SFSTs at the time he testified, as he indicated that his testimony was based only on what he had recently read in his report. See State v. Dibenedetto, 80 Hawai'i 138, 144, 906 P.2d 624, 630 (App. 1995).

2

argues that Officer Ostachuk's testimony on Abrigo's performance on the SFSTs was admissible rather as a past recollection recorded under HRE Rule 802.1(4), which provides:

> The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
>
> . . .
>
> (4) Past recollection recorded. A <u>memorandum or record</u> concerning a matter about which the <u>witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately</u>, shown to have <u>been made or adopted by the witness when the matter was fresh in the witness' memory</u> and to reflect that knowledge correctly. If admitted, the memorandum or record may be <u>read into evidence</u> but may not itself be received as an exhibit unless offered by an adverse party.

(Emphasis added.)

> A record or memorandum is admissible as an exception to the hearsay rule if the proponent can show that *the witness once had personal knowledge of the matter, that the record or memorandum was prepared or adopted by him when it was fresh in his memory, that it accurately reflected his knowledge, and that the witness currently has insufficient recollection to enable him to testify fully and accurately[.]* The witness may testify either that he remembers making an accurate recording of the event in question which he now no longer sufficiently remembers, <u>that he routinely makes accurate records of this kind</u>, or, if the witness has entirely forgotten the exact situation in which the recording was made, that he is confident from the circumstances that he would not have written or adopted such description of the facts unless that description truly described his observations at the time.

State v. Keohokapu, 127 Hawai'i 91, 106, 276 P.3d 660, 675 (2012) (quoting M. Graham, Federal Practice and Procedure: Evidence § 7046 at 486-91 (interim ed. 2006)) (emphasis added).

We have noted that the purpose of the past recollection recorded hearsay exception "is not to refresh the memory of a witness who then testifies with his testimony becoming the evidence. Its purpose is to provide that recorded recollection, which satisfies certain requirements, may be used as evidence when the witness now has insufficient recollection to testify." State v. Bloss, 3 Haw. App. 274, 278, 649 P.2d 1176, 1179 (1982) (quoting 11 J. Moore, Evidence, § 803(5)(5) (2nd ed. 1982)).

The facts in Bloss are similar to the facts in the instant case. In Bloss, a police officer, Officer Barros, issued

the defendant a parking citation. At trial, Officer Barros had insufficient recollection to enable him to testify fully and accurately as to the time the parking citation had been issued. After looking at the parking citation at trial, Officer Barros testified that the time he recorded on the citation was 7:00 a.m. In concluding that the requirements of HRE Rule 802.1(4) were met as to Officer Barros' testimony, we reasoned that "the traffic citation . . . was a record concerning [defendant]'s parking violation, of which [Officer] Barros once had personal knowledge but at trial had insufficient recollection to enable him to testify fully and accurately. The citation was made by Barros when the matter was fresh in his memory, in fact contemporaneously, and accurately reflected Barros' knowledge of the matter." Id.

Similarly, in this case, the SFST form filled out by Officer Ostachuk was a record concerning Abrigo's OVUII charge of which Officer Ostachuk once had personal knowledge but at trial had insufficient recollection to enable him to testify fully and accurately. Officer Ostachuk testified that he filled out the SFST form at the same time he administered the SFSTs to Abrigo, and that he regularly makes accurate records of this kind, thereby evidencing that the SFST form accurately reflected Officer Ostachuk's knowledge of the matter. Thus, we conclude that the requirements of HRE Rule 802.1(4) were met.

Abrigo further argues that Officer Ostachuk's testimony on the SFST results violated Abrigo's right to confrontation and cross-examination. Our supreme court has adopted the approach set forth in Crawford v. Washington, 541 U.S. 36 (2004), which recognizes that "a witness who appears at trial and testifies satisfies the confrontation clause, even though the witness claims a lack of memory that precludes them from testifying about the subject matter of their out-of-court statement." State v. Delos Santos, 124 Hawai'i 130, 145, 238 P.3d 162, 177 (2010). In other words, "Hawai'i's confrontation clause, like its federal counterpart, is not implicated where . . . the hearsay declarant

4

attends trial and is cross-examined about his or her prior out-of-court statement." State v. Fields, 115 Hawai'i 503, 517, 168 P.3d 955, 969 (2007).

In the instant case, despite his inability to presently recall Abrigo's performance on the SFSTs, Officer Ostachuk appeared at Abrigo's trial and Abrigo was able to cross-examine Officer Ostachuk about the SFST form and his inability to "independently" recall Abrigo's performance on the SFSTs. Therefore, we conclude that the admission of Officer Ostachuk's testimony on the SFSTs did not violate the confrontation clause because Officer Ostachuk appeared for cross-examination at trial. See Delos Santos, 124 Hawai'i at 144, 238 P.3d at 176.

Based on the foregoing, the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the district court on December 30, 2016 is affirmed.

DATED:  Honolulu, Hawai'i, June 25, 2018.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5